✎AO 241                                                                                                                    Page 2
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of Texas |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| **Jody Kirklin** | **1:17-cv-00069** |

| Place of Confinement : | Prisoner No.: | **TDCJ No. 01786182** |
|---|---|---|
| **Texas Department of Criminal Justice, Parole Division** | | **SID No. 08686402** |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **Jody Kirklin**                                v. | **Texas Department of Criminal Justice; Bryan Collier, Executive Director; Pamela Thielke, Director of Parole Division; and Lorie Davis, Director of Correctional Institutions Division** |

| The Attorney General of the State of Texas |
|---|

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

   **104th District Court of Taylor County,**
   **Texas 300 Oak St., Suite 402**
   **Abilene, TX 79602**

   (b) Criminal docket or case number (if you know):  **18068B**

2.    (a) Date of the judgment of conviction (if you know):  **Dated 4/26/2012, signed 5/14/2012**

   (b) Date of sentencing:  **Dated 4/26/2012, signed 5/14/2012**

3.    Length of sentence:  **10 years confinement**

4.    In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

   **Online Solicitation of a Minor, Section 33.021 of the Texas Penal Code**

6.    (a) What was your plea? (Check one)

         ☐ (1)    Not guilty       ☐ (3)    Nolo contendere (no contest)

         ☒ (2)    Guilty            ☐ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

**N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

**N/A (no trial)**

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.   Did you appeal from the judgment of conviction?

☐ Yes   ☒ No

9.   If you did appeal, answer the following:

(a) Name of court:   **N/A**

(b) Docket or case number (if you know):   **N/A**

(c) Result:   **N/A**

(d) Date of result (if you know):   **N/A**

(e) Citation to the case (if you know):   **N/A**

(f) Grounds raised:   **N/A**

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:   **N/A**

(2) Docket or case number (if you know):   **N/A**

(3) Result:   **N/A**

(4) Date of result (if you know):   **N/A**

(5) Citation to the case (if you know):   N/A

(6) Grounds raised:   N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):   N/A

(2) Result:   N/A

(3) Date of result (if you know):   N/A

(4) Citation to the case (if you know):   N/A

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   **104th District Court of Taylor County, Texas**

(2) Docket or case number (if you know):   **18068-B(1)**

(3) Date of filing (if you know):   **6/12/2015**

(4) Nature of the proceeding:   **Application for Writ of Habeas Corpus**

(5) Grounds raised:

**Ground One: Jody Kirklin's guilty plea was unknowing and involuntary because his attorney gave him false information about the range of unishment he would be facing at trial.**

**Ground Two: Mr. Kirklin received ineffective assistance of counsel when Mr. Stout falsely informed him that the possible range of punishment was 25 to 99 years, and that the charge could be enhanced.**

**Ground Three: Mr. Kirklin received ineffective assistance of counsel when Mr. Stout failed to properly and adequately investigate Mr. Kirklin's case.**

**Ground Four: The statute on which the conviction is based, Section 33.021 of the Texas Penal Code, is unconstitutional.**
**(See also the attached Memorandum of Law in Support of this Petition, which is incorporated by reference.)**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   **Trial Court declined to enter findings of fact and sent the case to the Texas Court of Criminal Appeals.**
**Court of Criminal Appeals denied the Application for Writ of Habeas Corpus, mainly due to a clerical error.**
**Crucial affidavit evidence wasn't attached to the Application that was submitted to the Court of Criminal Appeals. (See also the attached Memorandum of Law, which is incorporated by reference herein.)**

(8) Date of result (if you know):   **8/19/2015 (trial court order); 5/18/16 (Court of Crim Appeals Opinion)**

✎AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    **Texas Court of Criminal Appeals**

(2) Docket or case number (if you know):   **WR-83,622-01**

(3) Date of filing (if you know):   **9/4/2015**

(4) Nature of the proceeding:   **Suggestion for Reconsideration on Court's Own Motion**

(5) Grounds raised:   **Applicant alleged facts that remain uncontroverted, and, if true, would warrant habeas corpus relief. Accordingly, the Court should, on its own motion, reconsider its denial of relief and either grant relief or order the trial court to conduct an evidentiary hearing.**
**(See also the attached Memorandum of Law, which is incorporated by reference.)**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑  Yes    ☒  No

(7) Result:   **Denied without written order.**

(8) Date of result (if you know):   **9/10/2015**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    **Texas Court of Criminal Appeals**

(2) Docket or case number (if you know):   **WR-83,622-01**

(3) Date of filing (if you know):   **4/17/2016**

(4) Nature of the proceeding:   **Second Suggestion for Reconsideration on Court's Own Motion**

(5) Grounds raised:   **Applicant submitted uncontroverted affidavits to the trial court in support of his application for writ of habeas corpus, which were not included in the writ file forwarded to the Court of Criminal Appeals. Therefore, that Court denied the application without having the benefit of considering vital evidence.**
**(See also the attached Memorandum of Law, which is incorporated by reference.)**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑  Yes     ☒  No

(7) Result:   **Denied by written opinion.**

(8) Date of result (if you know):   **May 18, 2016**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:        ☒  Yes        ❑  No

(2) Second petition:    ☒  Yes        ❑  No

(3) Third petition:       ☒  Yes        ❑  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

**Not applicable. Jody Kirklin did appeal to the highest state court having jurisdiction.**

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

**Mr. Kirklin's guilty plea was unknowing and involuntary because his attorney gave him false information about the range of punishment he would be facing at trial.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Mr. Kirklin was indicted for Online Solicitation of a Minor, under Section 32.021 of the Texas Penal Code, which is a second degree felony carrying a range of punishment of 2 to 20 years' incarceration. Mr. Kirklin does not have prior felony convictions, so he was also eligible to recieve probate. However, upon advising Mr. Kirklin to take a plea agreement for 10 years' incarceration, Mr. Stout wrongfully informed Mr. Kirklin that he would face between 25 to 99 years' incarceration should he be convicted following a jury trial. Mr. Stout wrongfully advised Mr. Kirklin that his sentence could be "enhanced," despite the fact that Mr. Kirklin had no prior convictions with which to enhance the range of punishment. As a result, Mr. Kirklin accepted a plea for 10 years' incarceration, because he believed Mr. Stout's false representations. Had he been properly advised, Mr. Kirklin would have opted to pursue his right to a jury trial. (See also the attached Memorandum of Law, which is incorporated by reference.)**

(b) If you did not exhaust your state remedies on Ground One, explain why:

**Not applicable. Jody Kirklin did exhaust his state remedies on Ground One.**

AO 241
(Rev. 10/07)

Page 7

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    **N/A (no direct appeal)**

(2) If you did not raise this issue in your direct appeal, explain why:

**Mr. Kirklin waived his right to a direct appeal as part of his guilty plea.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒   Yes       ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:       **Petition for Writ of Habeas Corpus**

Name and location of the court where the motion or petition was filed:       **104th District Court of Taylor County, Texas**

**300 Oak St., Suite 402, Abilene, TX 79602**

Docket or case number (if you know):     **Case No. 18068-B(1) in the 104th District Court and then WR-83,622-01 in the Court of Criminal Appeals**

Date of the court's decision:     **July 6, 2015**

Result (attach a copy of the court's opinion or order, if available):

**The trial court entered an order, which is attached as Exhibit F, declining to enter findings of fact and ORDERED the District Clerk to prepare a clerk's transcript and send it to the Texas Court of Criminal Appeals.**

(3) Did you receive a hearing on your motion or petition?                      ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                   ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:     **Texas Court of Criminal Appeals**
**Supreme Court Building**
Name and location of the court where the appeal was filed:     **201 West 14th Street, Room 106**
**Austin, Texas 78701**

Docket or case number (if you know):     **WR-83,622-01**

Date of the court's decision:     **May 18, 2016**

Result (attach a copy of the court's opinion or order, if available):

**The Court of Criminal Appeals denied the Petition for Writ of Habeas Corpus in the Opinion, which is attached hereto as Exhibit E.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**Suggestion to Reconsider on the Court's Own Motion and Second Suggestion to Reconsider on Courts Own Motion, both denied.**

**GROUND TWO:** **Mr. Kirklin received ineffective assistance of counsel when Mr. Stout falsely informed him that the possible range of punishment was 25 to 99 years, and that the charge could be enhanced.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**The facts supporting Ground Two are identical to the facts supporting Ground One above.**

(b) If you did not exhaust your state remedies on Ground Two, explain why:

**Not applicable. Mr. Kirklin did exhaust his state remedies.**

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   **N/A (no direct appeal)**

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   **N/A (no direct appeal)**

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   **Application for Writ of Habeas Corpus**

Name and location of the court where the motion or petition was filed: **104th District Court of Taylor County, Texas
300 Oak St., Suite 402
Abilene, TX 79602**

Docket or case number (if you know):  **Case No. 18068-B(1) in the 104th District Court and then WR-83,622-01 in the Court of Criminal Appeals**

Date of the court's decision:   **July 6, 2015 in the 104th, and then May 18, 2016 in the Court of Criminal Appeals**

Result (attach a copy of the court's opinion or order, if available):
**The trial court entered an order declining to enter findings of fact and ORDERED (in the attached Exhibit F)
the District Clerk to prepare a clerk's transcript and send it to the Texas Court of Criminal Appeals. Later,
the Criminal Court of Appeals denied the Application (in the attached Exhibit E) in large part due to a clerical
error as the Court explained in its Opinion.**

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Texas Court of Criminal Appeals
Supreme Court Building
201 West 14th Street, Room 106
Austin, Texas 78701**

Docket or case number (if you know): **WR-83,622-01**

Date of the court's decision: **May 18, 2016**

Result (attach a copy of the court's opinion or order, if available):

**The Criminal Court of Appeals denied the Application (in the attached Exhibit E) in large part due to a clerical
error as the Court explained in its Opinion.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**Application for Writ of Habeas Corpus as explained above.**

**GROUND THREE:**    **Mr. Kirklin received ineffective assistance of counsel when Mr. Stout failed to properly and adequately
investigate Mr. Kirklin's case.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Mr. Stout never conducted an independent investigation into the allegations against Mr. Kirklin and never properly researched or
investigated possible defenses. Mr. Stout never spoke with Mr. Kirklin about the details of his case. When Mr. Kirklin asked for his
trial file to be returned, it contained only the police report - no notes, legal research or investigative research into the case had been
performed. Mr. Kirklin has consistently claimed his innocence of the charge because he believed he was meeting an who, from a
photo "she" sent him, appeared to be in her thirties. Also, the "victim" was actually a police officer, rather than an actual 13-year-
old girl. Mr. Stout never investigated or discovered the valid statutory defenses that may have been available to Mr. Kirklin, given
these circumstances. If he had, and had provided Mr. Kirklin adequate counsel, Mr. Kirklin would not have accepted the 10-year
plea bargain but would have opted to pursue his right to a jury trial. (See also the attached Memo, which is incorporated by
reference.)**

(b) If you did not exhaust your state remedies on Ground Three, explain why?

**Not applicable. Mr. Kirklin did exhaust his state remedies on Ground Three.**

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     **N/A (no direct appeal)**

(2) If you did not raise this issue in your direct appeal, explain why:     **N/A (no direct appeal)**

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     **Application for Writ of Habeas Corpus**

Name and location of the court where the motion or petition was filed:     **104th District Court of Taylor County, Texas
300 Oak St., Suite 402
Abilene, TX 79602**

Docket or case number (if you know):     **Case No. 18068-B(1) in the 104th District Court and then WR-83,622-01 in the Court of Criminal Appeals.**

Date of the court's decision:     **July 6, 2015 in the 104th, and then May 18, 2016 in the Court of Criminal Appeals.**

Result (attach a copy of the court's opinion or order, if available):

**The trial court entered an order declining to enter findings of fact and ORDERED the District Clerk to prepare a clerk's transcript and send it to the Texas Court of Criminal Appeals (see Exhibit F). Later, the Criminal Court of Appeals denied the Application in large part due to a clerical error as the Court explained in its Opinion (see Exhibit E).**

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:     **Texas Court of Criminal Appeals
Supreme Court Building
201 West 14th Street, Room 106
Austin, Texas 78701**

Docket or case number (if you know):     **WR-83,622-01**

Date of the court's decision:     **May 18, 2016**

Result (attach a copy of the court's opinion or order, if available):

**The Criminal Court of Appeals denied the Application in large part due to a clerical error as the Court explained in its Opinion (see Exhibit E).**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**Application for Writ of Habeas Corpus as explained above.**

**GROUND FOUR:**       **The statue on which the conviction is based, Section 33.021 of the Texas Penal Code, is unconstitutional.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**After Mr. Kirklin's conviction, a portion of the law on which his conviction was based was declared unconstitutional, and now the remainder of that law may also be declared unconstitutional in a case which is currently pending before the Texas Court of Criminal Appeals. If the law is declared unconstitutional, this will remove the justification for Mr. Kirklin's conviction and confinement. (See also the attached Memorandum of Law, which is incorporated by reference).**

(b) If you did not exhaust your state remedies on Ground Four, explain why:

**Mr. Kirklin was not aware of the issue of unconstitutionality until recently, when the Texas Court of Criminal Appeals declared a portion of the law unconstitutional and is considering declaring the remainder of the law unconstitutional now.**

(c)       **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒ Yes      ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

**Was not aware of the issue of unconstitutionality until recently, when the Texas Court of Criminal Appeals declared a portion of the law unconstitutional and is considering declaring the remainder of the law unconstitutional now.**

(d)       **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes      ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:       **N/A**

Name and location of the court where the motion or petition was filed:   **N/A**

Docket or case number (if you know):   **N/A**

Date of the court's decision:   **N/A**

Result (attach a copy of the court's opinion or order, if available):   **N/A**

(3) Did you receive a hearing on your motion or petition?   **N/A**

(4) Did you appeal from the denial of your motion or petition?   **N/A**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:   **N/A**

Name and location of the court where the appeal was filed:   **N/A**

Docket or case number (if you know):   **N/A**

Date of the court's decision:   **N/A**

Result (attach a copy of the court's opinion or order, if available):   **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

   **N/A**

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

   have used to exhaust your state remedies on Ground Four:

   **N/A**

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❏   Yes    ☒   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

**Grounds One, Two, and Three were presented to the highest state court having jurisdiction.**

**Ground Four was not because Mr. Kirklin was unaware of the constitutionality issue until recently.**

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

**Ground Four has not been presented in some state or federal court by Mr. Kirklin, but it has been presented in another case that is currently pending before the Texas Court of Criminal Appeals.**

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ❏   Yes    ☒   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

**N/A**

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ❏   Yes    ☒   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.    **N/A**

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing:        **Malcolm Schulz**
                                           **PO Box 889**
                                           **309 Hickory St.**
                                           **Abilene, TX 79601**


        (b) At arraignment and plea:       **Randol Stout**
                                           **202 W Beauregard Ave**
                                           **San Angelo, TX 76903**


        (c) At trial:        **N/A (no trial)**


        (d) At sentencing:       **Randal Stout**
                                 **202 W Beauregard Ave**
                                 **San Angelo, TX 76903**

        (e) On appeal:       **Heather Lytle**
                             **202 Travis Street, Suite 300**
                             **Houston, TX 77002**

        (f) In any post-conviction proceeding:       **Heather Lytle**
                                                      **202 Travis Street, Suite 300**
                                                      **Houston, TX 77002**

        (g) On appeal from any ruling against you in a post-conviction proceeding:       **Heather Lytle**
                                                                                         **202 Travis Street, Suite 300**
                                                                                         **Houston, TX 77002**


17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?          ☐   Yes        ☒   No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:       **N/A**



        (b) Give the date the other sentence was imposed:       **N/A**

        (c) Give the length of the other sentence:       **N/A**

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?       **N/A**

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        **Mr. Kirklin's state Application for Writ of Habeas Corpus was proceeding until May 18, 2016. Thus, May
        18, 2016 was the date on which the impediment to filing an application created by State action in violation
        of the Constitution or laws of the United States was removed. Until then Mr. Kirklin was prevented from
        filing by such state action. Mr. Kirklin therefore has until May 18, 2017 to file a federal Petition for Writ of
        Habeas Corpus.**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.    § 2244(d) provides in

part that:

    (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

**Vacate Jody Kirklin's conviction.**

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the mailing system on May 17, 2017.

Executed (signed) on May 17, 2017.

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN UNITED STATE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE, DIVISION

| | | |
|---|---|---|
| JODY LEE KIRKLIN | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | CASE NO. 1:17-CV-00069 |
| CRIMINAL JUSTICE, BRYAN | § | |
| COLLIER, EXECUTIVE | § | |
| DIRECTOR, PAMELA | § | |
| THIELKE, DIRECTOR OF | § | |
| PAROLE DIVISION, AND LORIE | § | |
| DAVIS, DIRECTOR OF | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION | § | |
|     Respondents. | § | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Petitioner, JODY LEE KIRKLIN, and files this

*Memorandum of Law in Support of Petition Under 28 U.S.C. § 2254 for*

*Writ of Habeas Corpus by a Person in State Custody*, and also under the

Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Mr. Kirklin is illegally restrained of his liberty by the Texas Board of

Pardons and Parole in Taylor County, Texas. He pled guilty to one count of

Online Solicitation of a Minor on April 26, 2012, and was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice, pursuant to a plea bargain agreement.[1] On January 14, 2014, he was granted parole by the Texas Board of Pardons and Parole, and is under the supervision of the Abilene Office. As a condition of his parole, he is required to participate in sex offender treatment, and he is required to register as a sex offender for ten (10) years, as a collateral consequence of his conviction.

Mr. Kirklin's conviction, incarceration, as well as the restraint of liberty imposed by the Texas Board of Pardons and Parole and sex offender registry, are illegal for the following reasons:

(1)　　Mr. Kirklin's plea was unknowing and involuntary because his retained attorney, Mr. Randol Stout, improperly advised him that the range of punishment he would face upon conviction at trial was twenty-five years to life, when in fact the range of punishment is two to twenty years;

(2)　　Mr. Kirklin received ineffective assistance of counsel because Mr. Stout wrongfully advised him of the possible range of punishment;

(3)　　Mr. Kirklin received ineffective assistance of counsel because Mr. Stout failed to adequately research and investigate Mr. Kirklin's case;

(4)　　The version of the statute under which Mr. Kirklin was convicted at the time, Section 33.021 of the Texas Penal Code, is unconstitutional.

---

[1] See Exhibit E

Accordingly, Mr. Kirklin Petitions this Court for a Writ of Habeas Corpus, seeking relief from his unlawful conviction, sentence, and restraint on his liberty. In support of his application, Mr. Kirklin respectfully shows the Court the following:

## I.      Factual and Procedural History

In September 2010, Mr. Kirklin posted a personal ad on craigslist.org, in an adults-only section of that site, seeking a woman to meet for a sexual encounter. Mr. Kirklin at all times intended to have a consensual encounter with an adult woman. Unbeknownst to Mr. Kirklin, a police officer posing as a young girl responded to the ad, and the two began an exchange of emails and text messages. The officer sent Mr. Kirklin an alleged photo of "herself" that was actually a photo picture of a woman in her thirties. The officer acknowledged in his police report that the picture he sent Mr. Kirklin was of an adult woman. But the officer also stated that "she" was a 13-year-old girl. Based on the photo of an adult woman, Mr. Kirklin believed that he was corresponding with an adult that was engaged in role playing as a young girl. The two arranged to meet, and when Mr. Kirklin arrived at the designated meeting place on September 23, 2010, he was arrested and charged with Online Solicitation of a Minor, pursuant to Section 33.021 of the Texas Penal Code.

On April 14, 2011, a grand jury sitting in Taylor County, Texas, indicted Mr. Kirklin for the offense in Cause No. 18068-B in the 104th District Court of Taylor County, Texas. *See Indictment, attached hereto as Exhibit A.* Mr. Kirklin was initially appointed an attorney named Malcolm Schulz, but eventually retained Randol Stout in May 2011 to represent him in this matter. *See Affidavit of Jody Lee Kirklin, attached hereto as Exhibit B.* Mr. Kirklin paid Mr. Stout his required initial payment two days after first meeting with him in May 2011. However, Mr. Stout did not personally speak to Mr. Kirklin, either on the phone or in person, until February 14, 2012. *Id.*

On February 14, 2012 – only the second meeting between the two, and the first where any substantive details were discussed – Mr. Stout informed Mr. Kirklin that the District Attorney offered ten years' incarceration in plea negotiations and would not make a lower offer. *Id.* Mr. Stout also stated that he personally talked to Judge Hamilton, and explained that Judge Hamilton said he technically could not say that he would not give Mr. Kirklin in an open plea, but that he would not. *Id.* Mr. Stout then informed Mr. Kirklin that he was going to jail, and that if he chose to go to trial, it would "make them mad." *Id.* Mr. Stout said Mr. Kirklin would then be facing 25 to 99 years in prison because "they would enhance" his

sentence, and that he would spend the rest of his life in jail if he refused the District Attorney's offer of ten years. *Id. See also Affidavit of Susan Kirklin McGinn, attached hereto as Exhibit C*. However, Mr. Kirklin had no prior felonies with which to enhance his range of punishment. *See Texas DPS Criminal History, attached hereto as Exhibit D*. Mr. Stout did not explain that the range of punishment of two to twenty years could only be enhanced by prior felony convictions. *See Exhibit B*.

After the February 14, 2012 meeting, Mr. Stout did not speak to, or see, Mr. Kirklin again until April 23, 2012 – only three days before this trial setting of April 26, 2012. *Id*. Mr. Stout informed Mr. Kirklin that he was set for trial on April 26 and that he had to make an immediate decision regarding the ten-year plea offer. *Id.* Mr. Stout informed Mr. Kirklin that the District Attorney would not give probation, but failed to inform Mr. Kirklin that he was eligible for a sentence of probation from either a judge or the jury, even if he lost at trial. *Id.* Mr. Stout further encouraged Mr. Kirklin to accept the plea offer by persuading him that a conviction for this charge would not affect his life. *Id.* He failed to inform Mr. Kirklin that a consequence of the plea would be registration as a sex offender for ten (10) years. *Id.*

During the entirety of his representation of Mr. Kirklin, Mr. Stout never discussed the facts of the investigation or arrest, and failed to pursue the possibility of statutory, affirmative, or evidentiary defenses against Mr. Kirklin's charge. *Id.* For nearly a year, Mr. Stout only met with, or spoke to, Mr. Kirklin three times. *Id.* When Mr. Kirklin requested Mr. Stout's file to prepare for this application, the only document in that file was the police report – there was zero evidence that Mr. Stout had conducted any investigation or legal preparation whatsoever.

Mr. Kirklin ultimately accepted the plea agreement, and was sentenced on April 26, 2012 to ten (10) years' incarceration in TDCJ. In January 2014, Mr. Kirklin was paroled and is currently under the supervision of the Texas Department of Criminal Justice, Parole Division at the Brownwood District Parole Office. Mr. Kirklin is required to register as a sex offender, and is restricted in the places he can go, such church or visiting family member who have children. He is unable to use the internet for any purpose, and has had difficulty finding jobs suitable to his capabilities.

Furthermore, he is required to participate in sex offender treatment, which includes counseling session and regular polygraph examinations. During both the counseling sessions and polygraph examinations, Mr. Kirklin has been repeatedly threatened with being sent back to prison unless

he admits that he intended to have sex with a child and that he has had "other victims." He has suffered enormous emotional stress due to these sessions and the nearly continuous threats to send him to prison to complete his 10-year sentence.

Mr. Kirklin's Application for Writ of Habeas Corpus with the Texas state courts was denied by the Court of Criminal Appeals in large part because—through some error either on the part of Mr. Kirklin's attorney at the time or on the part of the Taylor County District Clerk's office—the affidavits that were attached to that Application that provided the crucial supporting evidence were not transmitted to the Court.[2]

A copy of the District Clerk's records on this case (Cause No. 18068-B) is attached hereto as Exhibit G.

## II.   Arguments and Authorities

### A.   A Writ of Habeas Corpus is the appropriate, and only, legal remedy available to Mr. Kirklin

Mr. Kirklin submits this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has already exhausted his State court remedies, and this is the only remaining legal remedy available for him at this time.

---

[2] See the May 18, 2016 Opinion of the Court of Criminal Appeals, attached hereto as Exhibit E

**B.**    **Mr. Stout's erroneous advice was grossly incompetent, and resulted in Mr. Kirklin's guilty plea**

In this case, the facts alleged by Mr. Kirklin support a finding that he unknowingly and involuntarily entered into a plea agreement, based on the erroneous advice of his attorney, and that he received ineffective assistance of counsel. The Court of Criminal Appeals has held:

> Counsel's advice can provide assistance so ineffective that it renders the guilty plea involuntary. A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done knowingly and voluntarily.

*Ex parte Moussazadeh*, 361 S.W.3d 684, 688-89 (Tex.Crim.App. 2012) (internal citations omitted). Whether Mr. Kirklin's plea was voluntary depends on: (1) whether Mr. Stout's advice was within the range of competence demanded from criminal defense attorneys; and (2) whether there is a reasonable probability that, but for Mr. Stout's error, Mr. Kirklin would not have pled guilty but would have exercised his right to a jury trial. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex.Crim.App. 1999).

There can be no question that informing Mr. Kirklin that he faced a punishment range of twenty-five years to life, should he go to trial, falls so far outside the range of competent representation as to be more than egregious. Mr. Kirklin was charged with a second-degree felony, which

carries a range of punishment of two to twenty years' incarceration. According to Mr. Kirklin's affidavit, Mr. Stout told him that the State would "enhance" his sentence, and he would face twenty-five years to life. However, Mr. Kirklin has no previous felony convictions which could have served to enhance the punishment of a second-degree felony to the first-degree felony range of punishment. Moreover, Mr. Kirklin was eligible for probation from either a jury or the trial judge, pursuant to Article 42.12 of the Texas Code of Criminal Procedure. The truth is that Mr. Kirklin was facing possible punishment of probation up to twenty years in prison assuming he lost in trial. Mr. Kirklin was not in danger of "spending the rest of his life in prison," as Mr. Stout claimed.

Knowledge of the law – especially law that is long-settled, such as felony punishment and enhancement – is the bare minimum that is expected of a criminal defense attorney. In this case, it appears that Mr. Stout was completely unaware of the applicable range of punishment, as well as probation eligibility and sentence enhancement (either that or Mr. Stout lied to Mr. Kirklin in order to pressure Mr. Kirklin into accepting a plea deal so that Mr. Stout didn't have to bother with preparing for trial). Such a glaring inability to advise Mr. Kirklin of the most basic aspects of the charge alleged against him cannot be considered effective assistance of counsel, as provided

for by the Sixth Amendment of the United States Constitution, and Article I of the Texas Constitution.

As Mr. Kirklin states in his affidavit, he would not have accepted the ten-year plea agreement if Mr. Stout had not vehemently argued that he would face between twenty-five years to life in prison. *See Exhibit B.* Furthermore, he would not have pled guilty if Mr. Stout had properly advised him that a conviction would definitively require sex offender registration, and that he was actually eligible for probation, even if he lost at trial. If he had been properly advised by his counsel, Mr. Kirklin would have opted to exercise his right to a jury trial, or negotiated for a better deal, rather than accept the State's offer of ten years' incarceration.

### C.    Mr. Stout failed to provide effective assistance when he failed to conduct adequate legal research or factual investigation.

It is well-settled law that the constitutional guarantee of effective assistance of counsel requires an attorney to perform adequate research and investigation. In this case, when Mr. Kirklin's counsel requested his trial file, the only item in the file was the polic report. There is no evidence Mr. Stout conducted any factual investigation or legal research at all. This constitutes ineffective assistance of counsel, given the legal defenses that may have been available to Mr. Kirklin at trial.

Specifically, Mr. Kirklin has always maintained his innocence because he believed he was communicating with a woman who appeared to in her thirties. If he never believed he was communicating with a child, as he maintains, then he did not have the requisite intent to be found guilty of the crime of online solicitation of a minor. Moreover, the fact is that Mr. Kirklin was not communicating with a child, but with a police officer. The statute provides that it is a defense to the crime if the "actor" is not more than three years older than the "minor," and the "minor" consents to the conduct. Tex. Penal Code § 33.021(e)(2). In this case, the "minor" was a police officer who represented himself to be a 13-year-old child. However, if Mr. Kirklin is not more than three years older than the police officer, he has a valid defense to the charge.

Because he performed no research, Mr. Stout was unable to properly advise Mr. Kirklin of the possibility of going to trial and/or receiving probation instead of jail time. If Mr. Stout had provided the necessary level of advice about the nature of the crime, Mr. Kirklin would not have entered the plea, but would have insisted on exercising his right to a trial.

### D.    Unconstitutionality of Section 33.021 of the Texas Penal Code

Mr. Kirklin was convicted under Section 33.021 of the Texas Penal Code in 2012. But in 2013, a portion of that law, subsection (b), was

declared unconstitutional.[3] The Court of Criminal Appeals is now considering whether the remainder of that law is also unconstitutional in *Ex Parte Jeromy John Leax*; Case No. PD-0517-16 and a decision on this issue is expected within the next few months.

Mr. Kirklin herein argues that Section 33.021 of the Texas Penal Code should indeed be held to be unconstitutional and any conviction based on it, including Jody Kirklin's should be vacated as will be explained below.

Section 33.021 reads in pertinent part as follows:

> ONLINE SOLICITATION OF A MINOR. (a) In this section:
> (1) "Minor" means:
> (A)   An individual who represents himself or herself to be younger than 17 years of age; or
> (B)   An individual whom the actor believes to be younger than 17 years of age.
> (2) "Sexual contact," "sexual intercourse," and "deviate sexual intercourse" have the meanings assigned by Section 21.01.
>
> * * *
>
> (c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.
> (d) It is not a defense to prosecution under Subsection (c) that:
> (1) the meeting did not occur;

---

[3] *Ex parte Lo*, 424 S.W.3d 10, 18 (Tex. Crim. App. 2013)

(2) the actor did not intend for the meeting to occur; or

(3) the actor was engaged in a fantasy at the time of commission of the offense.

The statute does not concern itself with *all* expression, nor with speech at a particular time, in a particular manner, or at a particular place, but only with expression that solicits sex with a child. So to determine whether someone has violated this statute, a factfinder must review the content of an expression. Not *all* content is restricted.

Imagine the State trying to prove a case under Section 33.021 to a jury without reference to the content of the communication: *Ladies and gentlemen of the jury, we must prove that, over the internet or by electronic mail or a commercial online service, the defendant knowingly solicited a minor to meet someone, and that when he did so the defendant had the intent that the minor engage in sexual conduct, but we aren't going to show you any communications between the defendant and the minor, and we're not going to talk about the content of those communications.*

No. Section 33.021 cannot be justified without reference to the content of the regulated speech. It is not the fact of communicating with a child that makes a communication violate the statute; it is the content of the communication. It would not be possible to determine whether a defendant solicited someone without reference to the content of the communication.

The Texas Court of Criminal Appeals has held:

> If it is necessary to look at the content of the speech in question to decide if the speaker violated the law, then the regulation is content-based.[4]

This rule follows logically from the statement in *Ward v. Rock Against Racism*, 491 U.S. 781 (1989) that content-neutral restrictions may only be justified without reference to the content of the regulated speech, for if content-neutral restrictions may only be justified *without* reference to the content of the regulated speech, then any restriction, such as Section 33.021, that is justified *with* reference to the content of the regulated speech is, by virtue of that fact, content based.

Indeed, the United States Supreme Court has described this rule as "common sense":

> Under the city's newsrack policy, whether any particular newsrack falls within the ban is *determined* by the content of the publication resting inside that newsrack. Thus, by any commonsense understanding of the term, the ban in this case is "content based."[5]

Under Section 33.021, only communications that discuss a particular subject matter – sex – are forbidden. Only communications that discuss a particular *topic* – meeting for sex – are forbidden. Only communications that

---

[4] *Ex Parte Lo*, 424 S.W.3d 10, 15 n.12 (Tex. Crim. App. 2013); *Ex Parte Thompson*, 442 S.W.3d 325, 345 (Tex. Crim. App. 2014)
[5] *Cincinnati v. Discovery Network, Inc.*, 507 US 410, 429 (1983) (emphasis added)

express a particular *view* – that the communicator would like to meet a child for sex – are forbidden. Only communications that express a particular *idea* – that meeting for sex would be desirable – are forbidden.

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content."[6]

Where liability depends on the topic discussed, a restriction is content-based.[7]

Where liability depends on the view expressed, a restriction is content-based.[8]

Where liability depends on the *topic* or *subject matter* discussed, a restriction is content based.[9]

Where liability depends on the idea or message expressed, a restriction is content based.[10]

Because liability under the Section 33.021 depends on the subject matter, topic, view, idea, and message of a communication, the statute is content based.

---

[6] *Ashcroft v. American Civil Liberties Union*, 535 U.S.564, 573 (2002)
[7] *Reed v. Town of Gilbert*, 476 U.S.___, 135 S.Ct. 2218, 2227 (2015)
[8] *Thompson*, 442 S.W.3d @ 345
[9] *Reed v. Town of Gilbert*, 476 U.S. ____, 135 S.Ct. 2218, 2227 (2015) ("topic; *Hill v. Colorado*, 530 U.S. 703, 723 (2000) ("subject matter").
[10] *Reed*, 135 S.Ct. @ 2227

Also, under Section 33.021, only communications that demonstrate a particular underlying thought – the communicator's intent (whether real or fantastic) to meet with a "minor" for sex – are forbidden.

The Texas Criminal Court of Appeals has held that, where liability depends on the thought underlying the communication, a restriction is content-based.[11]

The Supreme Court has, post Thompson, held similarly:

Some facial distinctions based on a message are obvious, defining regulated speech by particular subject matter, and others are more subtle, defining regulated speech by its function or purpose. Both are distinctions drawn based on the message a speaker conveys, and, therefore, are subject to strict scrutiny.[12]

The "function or purpose" of communication is the "thought underlying" it. So Reed and Thompson are in accord: If a statute defines regulated speech by its intent, it is content based and therefore subject to strict scrutiny.

The fact that a statute restricts expression based on its content does not automatically invalidate the statute. It simply renders the statute presumptively invalid unless the State can show that the statute satisfies strict scrutiny. While all expression is constitutionally protected unless it

---

[11] *Ex parte Thompson*, 442 S.W.3d @ 347 (holding a portion of Section 21.15 of the Texas Penal Code content-based because it discriminated on the basis of the underlying sexual thought, "intent to arouse or gratify sexual desire")

[12] *Reed*, 135 S.Ct. @ 2227 (emphasis added)

falls into a recognized category of historically unprotected expression, there are several such categories. Among them, the United State Supreme Court has recognized:

- Incitement;

- Obscenity;

- Defamation;

- Speech integral to criminal conduct;

- Fighting words;

- Child pornography;

- Fraud;

- True threats; and

- Speech presenting some grave and imminent threat the Government has the power to prevent.

A statute that restricts expression based on its content may be justified for restricting speech only within these recognized categories, but if the content-based statute forbids a real and substantial amount of protected expression along with the unprotected expression, it fails strict scrutiny and is invalid.

> The State may not justify restrictions on constitutionally protected speech on the basis that such restrictions are necessary to effectively suppress constitutionally unprotected

speech, such as obscenity, child pornography, or the solicitation of minors.[13]

Along with unprotected solicitation of children, Section 33.021 forbids a real and substantial amount of protected expression: Because of the definitions in Section 33.021(a) and the exclusions of inferential-rebuttal defenses in Section 33.021(d), as well as actual solicitation (which would be unprotected) it forbids communications that are not intended to result in any crime. This speech is constitutionally protected, and thus, Section 33.021 cannot satisfy strict scrutiny and should be held to be invalid.

With Section 33.021(d) the statute deliberately encompasses speech not intended to result in a meeting (and therefore not intended to result in a crime), as well as fantasy speech.

The Constitution "demands that content-based restrictions on speech be presumed invalid … and that the Government bear the burden of showing their constitutionality."[14] The presumption of invalidity, which follows from the recognition that the statute is a content-based restriction on speech, has the following consequences.

- It reverses the presumption that the legislature has not acted unreasonably or arbitrarily (because we cannot presume both that the statute is invalid and that the legislature acted reasonably);

---

[13] *Lo*, 424 S.W.3d @ 18
[14] *Ashcroft v. American Civil Liberties Union*, 542 U.S.656, 660 (2004).

- If a statute can be construed in two different ways, one of which renders it invalid, the court must apply the interpretation that renders it invalid (because it is presumed to be invalid);

- The State carries the burden to establish its constitutionality; and

- The court must reject the statute if it can determine a reasonable construction that will render it unconstitutional (again, because it is presumed to be invalid).

## III.    Conclusion

Mr. Kirklin is entitled to habeas relief because the evidence is clear that he was provided ineffective assistance of counsel in violation of his rights under the Sixth Amendment of the United States Constitution and Article I of the Texas Constitution. This ineffective assistance of counsel led Mr. Kirklin to enter a guilty plea unknowingly and involuntarily because he was not properly advised. If Mr. Kirklin had received effective counsel, he would have opted to go to trial or negotiated more firmly for a lesser sentence. Accordingly, his only remedy is to appeal to this Court for habeas relief and a new trial.

Additionally, the statute upon which Mr. Kirklin's conviction was based is unconstitutional and therefore invalid. His conviction should be vacated on this basis as well.

## IV.    Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. Kirklin respectfully requests that this Court hold an evidentiary hearing and recommend to the Court of Criminal Appeals that habeas relief be granted, and that Jody Kirklin's conviction be vacated.

Respectfully Submitted,

*/s/ Stephen R. Kirklin*
Stephen R. Kirklin
skirklin312@gmail.com
Texas Bar No. 11523700
200 Avenue I
Alvin, TX 77511
(713) 419-2789
(281) 922-6240 – Fax
Attorney for Jody Kirklin

State of Texas      §
                      §

Harris County    §.

### Petitioner's Oath

"My name is Stephen R. Kirklin, my date of birth is January 23, 1949, and my address is 529 Stone Crossing, Webster, Texas 77598, USA. I declare under penalty of perjury that the following is true and correct.

"I am the attorney for the Petitioner in the above Petition. I have read the above Petition on behalf of the Petitioner, Jody Kirklin. All the statements in the Petition and the attached and incorporated Memorandum are true and correct. And all the attachments are true and correct copies of the documents they purport to be."

"Exhibit A is a true and correct copy of an indictment against Jody Lee Kirklin. Exhibit D is a true and correct copy of a Jody Kirklin's criminal record as according to a Texas Department of Public Safety search. Exhibit E is a true and correct copy of a Court of Criminal Appeals Opinion issued on May 18, 2016. Exhibit F is a true and correct copy of the trial court's Order Declining to Enter Findings of Fact. Exhibit G is a true and correct copy of the District Clerk's records from Cause No. 18068-B in Taylor County, Texas. Exhibit H is a true and correct copy of the Judgment of Conviction against Jody Kirklin."

Further Declarant sayeth not.

Executed in Harris County, State of Texas, on the 17th day of May, 2017.

_Stephen R. Kirklin_
Declarant

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Jody Kirklin
_____
Plaintiff

v.
Texas Department of Criminal Justice, Bryan
Collier, Pamela Thielke, and Lorie Davis
_____
Defendant

1:17-CV-00069
_____
Civil Action No.

## CERTIFICATE OF INTERESTED PERSONS
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Jody Kirklin
_____

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

None.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*
None.

| | |
|---|---|
| Date: | 5/17/17 |
| Signature: | |
| Print Name: | Stephen R. Kirklin |
| Bar Number: | 11523700 |
| Address: | 200 Avenue I |
| City, State, Zip: | Alvin, TX 77511 |
| Telephone: | (713) 419-2789 |
| Fax: | (281) 922-6240 |
| E-Mail: | skirklin312@gmail.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons