IN UNITED STATE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE, DIVISION

| | | |
|---|---|---|
| JODY LEE KIRKLIN | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | CASE NO. 1:17-CV-00069 |
| CRIMINAL JUSTICE, BRYAN | § | |
| COLLIER, EXECUTIVE | § | |
| DIRECTOR, PAMELA | § | |
| THIELKE, DIRECTOR OF | § | |
| PAROLE DIVISION, AND LORIE | § | |
| DAVIS, DIRECTOR OF | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION | § | |
|     Respondents. | § | |

---

## APPENDIX IN SUPPORT OF PETITION
## FOR WRIT OF HABEAS CORPUS

---

Respectfully Submitted,

*/s/ Stephen R. Kirklin*
Stephen R. Kirklin
skirklin312@gmail.com
Texas Bar No. 11523700
200 Avenue I
Alvin, TX 77511
(713) 419-2789
(281) 922-6240 – Fax
Attorney for Jody Kirklin

Exhibit A    Indictment

Exhibit B    Affidavit of Jody Kirklin

Exhibit C    Affidavit of Susan McGinn Kirklin

Exhibit D    Jody Kirklin's Criminal Record

Exhibit E    Opinion denying Jody Kirklin's Petition for Writ of Habeas
             Corpus

Exhibit F    Trial Court's Order Declining to Enter Findings of Fact

Exhibit G    District Clerk's Documents in Cause No. 18068-B in Taylor
             County, Texas

Exhibit H    Judgment of Conviction

# EXHIBIT A



INDICTMENT NO. 18068-B

FILED

2011 APR 14 PM 1 11

PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY TEXAS
DEPUTY

STATE OF TEXAS VS JODY LEE KIRKLIN
OFFENSE NO.: 36990019
CHARGE: ONLINE SOLICITATION OF A MINOR
WITNESS: JOHN GRAHAM, TCSO
WARRANT NO: 1B-128646
TRN: 918815436X A001

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS,

THE GRAND JURORS, duly selected, organized, sworn, and impaneled as such for the County of Taylor, State of Texas, at the March Term, 2011, of the 104th District Court for said County upon their oaths present in and to said Court, that on or about the 23rd day of September, 2010 and anterior to the presentment of this indictment, in the County and State aforesaid, JODY LEE KIRKLIN over the internet, knowingly solicited a minor, younger than fourteen (14) years of age, to meet the said JODY LEE KIRKLIN with the intent to engage in sexual intercourse with the said minor,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

PRESENTED THIS ___14___ DAY OF __April__ , A.D., __2011__.

# EXHIBIT B

STATE OF TEXAS §
§
COUNTY OF TAYLOR §
Brown

## AFFIDAVIT OF JODY LEE KIRKLIN

Before me, the undersigned Notary Public for the State of Texas, came JODY LEE KIRKLIN, Affiant, and swore to the following:

My name is Jody Lee Kirklin. I am over the age of eighteen, and am mentally competent to make this affidavit. I am the defendant in Cause No. 18068-B in the 104th District Court of Taylor County, Texas, and I am the applicant in the attached Application for Writ of Habeas Corpus.

I was arrested and charged with Online Solicitation of a Minor, and I hired Randol Stout to represent me. I first met with him in May 2011. My sister, Susan Kirklin McGinn, and my uncle were both with me when I met with Mr. Stout. I told Mr. Stout about my case, and he said he would represent me for $10,000.00. He told me I had to come up with $1,700.00 down before I could tell people he was my lawyer. Two days later I paid him the $1,700.00. I paid off the rest of the $10,000.00 over the next couple months, and had the whole amount paid by August 2011.

After I paid Mr. Stout the first payment of $1,700.00 in May 2011, he did not speak to me on the phone or in person again until February 14, 2012. I called every week to ask about my case, but only got to talk to Mr. Stout's secretary, Annie. Annie always said Mr. Stout was busy, but that she would tell him I called. She never knew anything about my case. She would tell me that Mr. Stout told her that he was working on it, or that he was out of town, or that he was in court, or that he was working on a capital murder trial. This went on the whole time I was making payments, and even after I had paid the whole $10,000.00 in August 2011.

By November 2011, I still had never personally spoken with or seen Mr. Stout since I paid him the first payment of $1,700.00. In November, I got a call from a probation officer in Abilene, saying that I had missed a hearing or a pre-trial hearing. I had not been told anything about needing to be in court on that day. I reported regularly to a probation officer in Brady, Texas, but the probation office in Abilene handled my case. I told the Abilene probation officer that I did not know anything about the court date, and he said to call the court and my

attorney. I called the court constantly and they said my attorney probably forgot about the I called Mr. Stout but he did not answer. His secretary, Annie, said that he was out of the office, but she promised that she would call Stout and tell him what happened. I had to call back five or six times that day, but finally Annie said that Mr. Stout called the court to reset the pretrial hearing. I called the court to make sure, and they said he did reset it. But I still never spoke with him.

After this happened, I called about every week to try to talk to Mr. Stout. Finally Annie said for me to come into the office to meet with Mr. Stout on February 14, 2012. When I got there, Mr. Stout told me that the D.A. offered 10 years and wouldn't come down on that offer. He said the D.A. "dared him" to take it to trial. He also said that he talked to Judge Hamilton, who said that he couldn't say that he wouldn't give probation, but he wouldn't. Mr. Stout told me I was going to jail and that, if I went to trial, it would make them mad and I would get 25 to 99 years in prison because they would enhance me. He said I would spend the rest of my life in jail if I didn't take their offer of 10 years. I told him I wanted probation, but he said he'd ask again but it wouldn't do any good.

After that meeting on February 14, 2012, I didn't hear from Mr. Stout again until April 2012, even though I called every week. When I called on April 20, 2012, Annie said Mr. Stout was on the other line and told me to wait. Then she got back on the line and said Mr. Stout wanted to see me on Monday, April 23, 2012 at 4 pm. I went in to see him on that day, and he said the D.A.'s office wouldn't budge on the 10 years. He said that we were set to go to trial on April 26th, and I had to tell him right then if I wanted to sign for 10 years or go to jury trial. I asked about probation, and Mr. Stout said the D.A. said no. He did not tell me that I was eligible for probation even if I lost at trial. He said again that it would be a very bad idea to go to trial, and that I would get 25 to 99 years because they would enhance me. He also said that whatever sentence I got would be treated as a 3g offense, no matter what, so I would have to do at least half my sentence before I was eligible for parole.

Mr. Stout demanded an answer right then. I asked him if there was any other way, and he said no. I asked him about my job, and said I needed to keep my job. He said I could work in TDCJ and that I could get another job in 5 five years if I made my first parole. He said this conviction would not affect me once I got out,

and that I ~~would be able to get a job. He never told me about the requirement to register as a sex~~ offender, and that I would be known as a sex offender in my entire community, if I plead guilty or was convicted.

Mr. Stout never talked with me about possible defenses to my case. He never discussed with me the fact that there was no 13-year-old girl, that it was a police officer, or that "she" sent me a picture which looked like a 30-year-old woman. He never investigated or researched or told me about a possible trial strategy. He never told me that my charge was a second degree felony, with a range of punishment of 2 to 20 years, with a possibility of probation. He never explained that my sentence could not be enhanced because I do not have prior convictions. If I had known the real range of punishment, that I could have received probation even if I lost at trial, and that my conviction required sex offender registration, I would not have taken the 10 year plea deal. I would have gone to trial instead.

Upon penalty of perjury, I swear that everything in this affidavit is within my personal knowledge, and is true and correct, to the best of my knowledge.

Further, affiant sayeth not,

_____
Affiant, JODY LEE KIRKLIN

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public for the State of Texas, on the 22th day of May, 2015.

_____
Notary Public for the State of Texas
My commission expires: January 14, 2019

ASHLEY LANDA
Notary Public, State of Texas
My Commission Expires
January 14, 2019

3

# EXHIBIT C

STATE OF ~~TEXAS~~                   §
COUNTY OF ~~TAYLOR~~  Brown          §

## AFFIDAVIT OF SUSAN KIRKLIN MCGINN

Before me, the undersigned Notary Public for the State of Texas, came SUSAN KIRKLIN MCGINN, Affiant, and swore to the following:

My name is Susan Kirklin McGinn. I am over the age of eighteen, and I am mentally competent to make this affidavit. I am the sister of Jody Lee Kirklin, the defendant in Cause No. 18068-B in the 104th District Court of Taylor County, Texas.

Jody was charged with Online Solicitation of a Minor, and hired Randol Stout to be his attorney. *[ On April 26 2012 I was sitting beside Mr. Stout outside the courtroom. I leaned over and ask Mr. Stout "are you sure Jody has to sign for ten years? Mr. Stout then answered yes, Abilene was a bible thumping comunity and if Jody did not sign for the ten years he would make them mad and get 25 to 99 years. i ask Mr Stout repetedly and I got the same response.}During the signing the Judge stated to the courtroom { ten years for a victimless crime} like he was surprised by the signing which made me very unsure that this was the right thing to do. Also long before the courtroom signing I recieved a call from an Abilene Deputy whose name I cannot remember who ask me several questions about Jody such as was he depressed, did Jody drink and I mentioned that Jody was getting a new Lawyer, he ask me who the lawyer was and I told him Mr. Stout out of San AngeloTx.*

Affiant, SUSAN KIRKLIN MCGINN

*[signature]*

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public for the State of Texas, on the 20th day of May, 2015.

*[signature]*
Notary Public for the State of Texas
My commission expires: January 14, 2019

ASHLEY LANDA
Notary Public, State of Texas
My Commission Expires
January 14, 2019

1

# EXHIBIT D

# Texas Department of Public Safety
## Courtesy ~ Service ~ Protection

heather@lytle-law.com | Sign out | Support | Print

| Search Criteria | Payment | Results | **Record** |
|---|---|---|---|

| | |
|---|---|
| BATCH # | 2975682 |
| SEARCH # | 12843219 |
| SEARCH SUMMARY | KIRKLIN,JODY LEE [1976-12-12] |
| USER NAME | HEATHER@LYTLE-LAW.COM |
| DATE | 2015-05-21T22:50:42.4640742-05:00 |

Searches based on names, date of birth and other alphanumeric identifiers are not always accurate. The only way to positively link someone to a criminal record is through fingerprint identification. It is your responsibility to make sure the records you access through this site pertain to the person about whom you are seeking information. Extreme care should be exercised in using any information obtained from this Web site. Neither the DPS nor the State of Texas shall be responsible for any errors or omissions produced by secondary dissemination of this data.

**This Individual has a record in the public Sex Offender Registry.**

| | |
|---|---|
| SID | 08686402 |
| DATE LAST UPDATED | 1/22/2014 |
| SEX | MALE |
| RACE | WHITE |
| ETHNICITY | NON-HISPANIC |

| | |
|---|---|
| HEIGHT | 5'6" |
| WEIGHT | 133 LBS |
| EYES | BLUE |
| HAIR | BROWN |
| PLACE OF BIRTH | TEXAS |
| NAME(S) | KIRKLEN,JODY<br>KIRKLIN,JODY LEE **(PRIMARY)** |
| BIRTH DATE(S) | 12/12/1976 **(PRIMARY)** |

| DATE OF ARREST | SEQUENCE CODE | TRACKING NUMBER | AGENCY DESCRIPTION |
|---|---|---|---|
| 9/23/2010 | A | 918815436X | TAYLOR CO SO ABILEN |

*Searches based on names, date of birth and other alphanumeric identifiers are not always accurate. The only way to positively link someone to a criminal record is through fingerprint identification. It is your responsibility to make sure the records you access through this site pertain to the person about whom you are seeking information. Extreme care should be exercised in using any information obtained from this Web site. Neither the DPS nor the State of Texas shall be responsible for any errors or omissions produced by secondary dissemination of this data.*

## ARREST DATE 9/23/2010 (1 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 9/23/2010 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 918815436X |
| ARRESTING AGENCY | TAYLOR CO SO ABILENE (TX2210000) |

**OFFENSE RECORD**

| | |
|---|---|
| AGENCY | TAYLOR CO SO ABILENE (TX2210000) |
| INTERNAL AGENCY PERSON NUMBER | 102494 |
| INTERNAL AGENCY CASE NUMBER | 918815436X |
| ARREST OFFENSE | ONLINE SOLICITATION OF A MINOR UNDER 14 (36990023) |
| ARREST OFFENSE CITATION | 33.021(F) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 2ND DEGREE (F2) |

| | |
|---|---|
| DATE OF OFFENSE | 9/23/2010 |
| ARREST DISPOSITION DATE | 9/23/2010 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE ABILENE (TX221015A) |

## PROSECUTION DETAIL

| | |
|---|---|
| AGENCY | DISTRICT ATTORNEYS OFFICE ABILENE (TX221015A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 33.021(F) |
| PROSECUTOR OFFENSE | ONLINE SOLICITATION OF A MINOR UNDER 14 (36990023) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 2ND DEGREE (F2) |

## COURT STATUS A

| | |
|---|---|
| AGENCY DESCRIPTION | 104TH DISTRICT COURT ABILENE (TX221025J) |
| COURT OFFENSE | ONLINE SOLICIT MINOR UNDER 14Y0A (36990019) |
| COURT OFFENSE CITATION | 33.021 |
| LEVEL AND DEGREE OFFENSE | FELONY - 2ND DEGREE (F2) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 4/26/2012 |
| DATE OF SENTENCE/STATUS | 4/26/2012 |
| CAUSE NUMBER | 18068-B |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 10Y |
| COURT COSTS | 309 |
| AGENCY RECEIVING CUSTODY | 104TH DISTRICT COURT ABILENE (TX236065C) |
| COURT PROVISION | REGISTERED AS A SEX OFFENDER (390) |

## Custody

| | |
|---|---|
| DATE OF OFFENSE | 6/4/2012 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 01786182 |
| SENTENCE EXPIRATION DATE | 1/20/2022 |
| COUNTY OF COMMITMENT | TAYLOR (221) |

| | |
|---|---|
| STATUS STARTING DATE | 1/14/2014 |
| STATUS SUPERVISION | PAROLE SEX OFFENDER REGISTRATION (504) |
| STATUS SUPERVISION LITERAL | TX227015G 01786182 |
| RECEIVING AGENCY | 154 |
| PAROLED UNTIL DATE | 1/20/2022 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 9/23/2010 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 01786182 |
| SENTENCE EXPIRATION DATE | 1/20/2022 |
| COUNTY OF COMMITMENT | TAYLOR (221) |
| STATUS STARTING DATE | 1/14/2014 |
| STATUS SUPERVISION | PAROLED (417) |
| STATUS SUPERVISION LITERAL | TX227015G 01786182 |
| RECEIVING AGENCY | 154 |
| PAROLED UNTIL DATE | 1/20/2022 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 6/4/2012 |
| CUSTODIAL AGENCY/ORI | DEPT OF CRIMINAL JUSTICE HUNTSVILLE (TX236065C) |
| PERSONAL ID NUMBER | 01786182 |
| SENTENCE EXPIRATION DATE | 1/20/2022 |
| COUNTY OF COMMITMENT | TAYLOR (221) |
| STATUS STARTING DATE | 6/4/2012 |
| STATUS SUPERVISION | RECEIVED (421) |
| STATUS SUPERVISION LITERAL | TX236065C 01786182 |



# EXHIBIT E



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,622-01

### EX PARTE JODY LEE KIRKLIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NUMBER18068-BG IN THE 104TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam.*

## O R D E R

This is a post-conviction application for a writ of habeas corpus forwarded to this Court pursuant to TEX. CODE CRIM. PROC. art. 11.07, § 3, *et seq.* Applicant was convicted of the felony offense of online solicitation of a child and punishment was assessed at ten years' confinement. No direct appeal was taken.

The Court received this writ application on July 20, 2015. On August 19, 2015, this Court denied it without written order. Habeas counsel has now filed a suggestion that the Court reconsider the application on its own motion. She states that affidavits and a

memorandum of law were filed with the Taylor County District Clerk's office as exhibits to the original habeas application and were not forwarded to this Court as a part of the original habeas record.  However, the Taylor County District Clerk's office has informed the Court that no attachments or exhibits were filed with the original habeas application and their office was not given the affidavits or memorandum counsel states was attached to the original filing.

This Court has determined that because there is no indication that the affidavits or memorandum were included in the original filing, there is no need to reconsider the denial of this application.  Accordingly, the Court denies Applicant's suggestion for reconsideration on the Court's own motion.

DO NOT PUBLISH
DELIVERED: May 18, 2016

# EXHIBIT F

CAUSE NO. 18068-B

FILED

2015 JUL -8 AM 8: 40

PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY, TEXAS

| | | |
|---|---|---|
| IN RE | § | IN THE 104TH DISTRICT COURT |
| JODY LEE KIRKLIN | § | OF |
| APPLICANT | § | TAYLOR COUNTY, TEXAS |

## ORDER DECLINING TO ENTER FINDINGS OF FACT

On the _____6_____ day of July, 2015, the trial court reviewed applicant's post-conviction Application for Writ of Habeas Corpus filed herein on July 16, 2015.

After careful consideration, the trial court declines to enter findings herein.

After the State files a response to the application or after the time for the State to respond has expired, the District Clerk is ORDERED to prepare a clerk's transcript herein and send it to the Texas Court of Criminal Appeals, in the manner prescribed by law.

Signed the _6_ day of _July_____, 2015.

_____
Lee Hamilton
Judge Presiding

# EXHIBIT G

WRIT OF HABEAS CORPUS

IN THE

TEXAS COURT OF CRIMINAL APPEALS

NO. 18068-B _____     TRIAL COURT CAUSE NO.  18068-B (1)

_____ Jody Lee Kirklin

VS

THE STATE OF TEXAS, APPELLE

| _____ 104th District Court : | DISTRICT COURT OF | OFFENSE | ONLINE SOLICITATION OF A  MINOR |
| _____ Taylor _____ : | COUNTY | SENTENCE | 10 Years Institutional Division, TDCJ |
| _____ Lee Hamilton _____ : | PRESIDING JUDGE | PLEA | Guilty |
|  |  | JURY OR NON/JURY TRIAL | No Jury |

PATRICIA HENDERSON

DISTRICT CLERK

TAYLOR COUNTY COURTHOUSE

ABILENE, TX 79602

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 20 2015

Abel Acosta, Clerk

Indexwhc

# Jody Lee Kirklin, Appellant vs. State of Texas, Appellee
## Cause No. 18068-B
## 104th District Court
## Taylor County, Texas

### INDEX

| TITLE | PAGE NUMBER |
|---|---|
| Transcript Cover Page | 1 |
| Index | 2 |
| Summary Sheet | 3 |
| Caption | 4 |
| Indictment | 5 |
| Stipulation of Evidence | 6 |
| Written Plea Admonishments | 7-11 |
| Trial Court's Certification of Defendant's Right of Appeal | 12 |
| Judgment and Sentence | 13-14 |
| Application of Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 | 15-33 |
| Order Declining to Enter Findings of Fact | 34 |
| Docket Sheet | 35 |
| Clerk's Certification | 36 |
| Blank Page | 37 |

Cause Number: 18068-B

Ex Parte:

Jody Lee Kirklin

Application for Writ of Habeas Corpus

From Taylor County, Texas

104th District Court

TRIAL COURT WRIT NO. 18068-B (1)

CLERK'S SUMMARY SHEET

APPLICANT'S NAME:  **Jody Lee Kirklin**
(If other than as reflected on the Judgment)

OFFENSE:  **ONLINE SOLICITATION OF A MINOR**
(As described on the Judgment)

SENTENCE: **10 Years Institutional Division, TDCJ**
(As described on the Judgment)

TRIAL DATE:  **April 26, 2012**
(Date upon which sentence was imposed)

JUDGE'S NAME:  **Lee Hamilton**
(Judge Presiding at Trial)

APPEAL NO: **N/A**
(If Applicable)

CITATION TO OPINION:  **N/A**       S.W. 2d: **N/A**
(If Applicable)

HEARING HELD:  **N/A**
(Pertaining to the Application for Writ)

FINDINGS & CONCLUSIONS FILED: **July 8, 2015**
(Pertaining to the Application for Writ)

RECOMMENDATION: **N/A**
(Trial Court's Recommendation regarding Application)

JUDGE'S NAME: **Lee Hamilton**
(Judge Presiding over habeas proceedings)

**3**

July 16, 2015

# CAPTION

**THE STATE OF TEXAS**

**COUNTY OF TAYLOR**

At a regular term of the 104th District Court begun holden within and for the county of Taylor, and State of Texas, before the Honorable Lee Hamilton, Judge thereof presiding. The following cause came on for hearing to-wit:

**THE STATE OF TEXAS**

**VS**

**JODY LEE KIRKLIN**

CHARGE:     **ONLINE
SOLICITATION OF
A MINOR**

Lee Hamilton, **Judge**
**104th District Court**
**Taylor County, Texas**

4

INDICTMENT NO. 18068-B

**FILED**

2011 APR 14 PM 1 11

PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY TEXAS
DEPUTY

STATE OF TEXAS VS JODY LEE KIRKLIN
OFFENSE NO.: 36990019
CHARGE: ONLINE SOLICITATION OF A MINOR
WITNESS: JOHN GRAHAM, TCSO
WARRANT NO: 1B-128646
TRN: 918815436X A001

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS,

THE GRAND JURORS, duly selected, organized, sworn, and impaneled as such for the County of Taylor, State of Texas, at the March Term, 2011, of the 104th District Court for said County upon their oaths present in and to said Court, that on or about the 23rd day of September, 2010 and anterior to the presentment of this indictment, in the County and State aforesaid, JODY LEE KIRKLIN over the internet, knowingly solicited a minor, younger than fourteen (14) years of age, to meet the said JODY LEE KIRKLIN with the intent to engage in sexual intercourse with the said minor,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

PRESENTED THIS  14  DAY OF  April  , A.D.,  2011 .

5

CAUSE NO. 18068-B

**FILED**
2012 APR 26 PM 2 06
PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE 104th District Court |
| VS. | ) | OF |
| JODY LEE KIRKLIN | ) | TAYLOR COUNTY |

## STIPULATION OF EVIDENCE

COMES NOW, JODY LEE KIRKLIN the Defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of the evidence in this cause and in so doing, expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by affidavits, written statements of witnesses, and other documentary evidence. Accordingly, having waived my Federal and State constitutional rights against self-incrimination and after having been sworn upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

That on or about the 23rd day of September, 2010 in Taylor County, Texas, I, JODY LEE KIRKLIN over the internet, knowingly solicited a minor, younger than fourteen (14) years of age, to meet the said JODY LEE KIRKLIN with the intent to engage in sexual intercourse with the said minor,

_____
DEFENDANT

SWORN TO AND SUBSCRIBED before me, the undersigned authority on this the _26_ day of _April_____, A.D., _2012_____.

PATRICIA HENDERSON
DISTRICT CLERK

BY: _____
Deputy District Clerk
Taylor County, Texas

APPROVED:                                APPROVED BY THE COURT:

_____              _____
ATTORNEY FOR DEFENDANT                 JUDGE PRESIDING

**STATE'S EXHIBIT**
1

6

MCRK3-642

**Written Plea Admonishments**
**104th District Court**
**Taylor County, Texas**

*FILED*
*2012 APR 26 PM 2 06*

*PATRICIA HENDERSON*
*DISTRICT CLERK*
*TAYLOR COUNTY, TEXAS*
*DEPUTY*

**CAUSE NO. 18068-B**          **DATE:** 4-26-2012

**TO: JODY LEE KIRKLIN, Defendant**

Pursuant to Art. 26.13 C.C.P. you are hereby admonished in writing:

1.      You are charged with the felony offense of ONLINE SOLICITATION OF A MINOR

2.      If convicted, you face the following range of punishment:

_____ **FIRST DEGREE FELONY; SECOND DEGREE FELONY WITH ONE PRIOR CONVICTION:** A term of life or any term of not more than 99 years or less than 5 years in the Institutional Division, Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000.00.

J.K. **SECOND DEGREE FELONY; THIRD DEGREE FELONY WITH ONE PRIOR CONVICTION:** A term of not more than 20 years or less than 2 years in the Institutional Division, Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000.00.

_____ **THIRD DEGREE FELONY:** A term of not more than 10 years or less than 2 years in the Institutional Division, Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00.

_____ **HABITUAL OFFENDER:** A term of life or any term of not more than 99 years or less than 25 years in the Institutional Division, Texas Department of Criminal Justice.

_____ **FIRST DEGREE ENHANCED:** A term of life or any term of not more than 99 years or less than 15 years in the Institutional Division, Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000.00.

mccess--643

7

_____ **SUBSTANCE ABUSE FELONY PUNISHMENT:** If a pre-sentence report or any other indication suggests that drug or alcohol abuse significantly contributed to the commission of the offense; If the Court determines that there are no other community based programs or facilities that are suitable for treatment; and if after considering the gravity and circumstances of the offense committed, the Court finds that the punishment would best serve the ends of justice, the Court may impose punishment for any FIRST, SECOND OR THIRD DEGREE FELONY (except **Murder and** offenses listed in Art. 42.12, Sec. 3g, C.C.P.) at: (a) a term of confinement and treatment in a substance abuse treatment facility operated by the Community Justice Assistance Division of the Texas Department of Criminal Justice for an indeterminate term of not more than 1 year or less than 6 months; (2) a term of not less than 2 years or more than 10 years in the Institutional Division of the Texas Department of Criminal Justice to begin not later than the 30th day after the day on which the defendant is released from a substance abuse facility, and (3) a fine not to exceed $10,000.00. A conviction punished under these provisions is a final conviction for the purposes of the repeat and habitual offender statute, Sec. 12.42 C.C.P.

**OTHER:**

_____

3. **PLEA BARGAINS:** If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea if you desire.

4. **PERMISSION TO APPEAL:** If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you can prosecute an appeal on any matter in the case except for matters raised by written motion filed prior to trial.

5. **UNNEGOTIATED PLEA:** If the plea of guilty is unnegotiated, that is if there is no plea bargain, then all non-jurisdictional defects are waived and you have no right to appeal except for jurisdictional matters.

6. **CITIZENSHIP:** If you are not a citizen of the United States of America, a plea of Guilty or Nolo Contendere for this offense may result in deportation, the exclusion from admission to the country, or the denial or naturalization under federal law.

7. **DEFERRED ADJUDICATION:** If the Court defers adjudicating your guilt and places you on community supervision, on violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from deferment of adjudication except matters raised by written motion prior to trial. If guilt is adjudicated, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. If you desire the Court to proceed to an adjudication, you must file a written motion within 30 days after entering you plea and deferment of adjudication. Upon adjudication of your guilt, the Court may assess punishment at any term of years and any fine within the range of punishment for the adjudicated offense.

_____

PRESIDING JUDGE

**STATEMENTS OF DEFENDANT**
**(Defendant is to initial appropriate spaces)**

1. _J.K._  Comes now the Defendant, joined by my counsel, and state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent and that my plea is freely and voluntarily entered. If counsel is appointed, I give up and waive any right I may have to prepare for trial. I am satisfied with representation given to me by my counsel. He provided fully effective and competent representation. I also waive and give up under **Art. 1.14 C.C.P.** all rights given me by law, whether of form, substance or procedure. Joined by my attorney, I waive and give up my right to a jury in this case, waive and give up the right to appearance, confrontation and cross-examination of the witnesses and consent to oral and written stipulations of evidence, and waive and give up my right to the preparation and filing of a pre-sentence investigation report.

2. _J.K._  Defendant will plead guilty to the offense of ONLINE SOLICITATION OF A MINOR , found in Section _33.021_ of the Penal Code and receive the following agreed sentence:

_TEN (10) YEARS T.D.C._

_R.V._
Note:
_J.K._  _Def. will be required to register as a sex offender as required by law._

3. _____ No plea bargain has been reached and the Court is respectfully requested to assess punishment.

4. _J.K._  I state under oath that I have read the indictment or information in this case, understand the charge against me, and I am guilty of the offense to which I am pleading guilty, as reflected in the above plea bargain.

5. _J.K._  I state under oath that I have never been convicted of a felony in this State, in any other State or in any Court in the United States.

6. _____ I make application for community supervision.

7. _____ If community supervision is recommended, I understand that the judge has the discretion to impose any reasonable conditions of community supervision not expressly listed or prohibited in the plea agreement.

8. _J.K._  As part of this sentence I agree to waive any right to appeal.

9._____ I understand there are no promises or representations concerning early release from community supervision.

**I HAVE READ AND UNDERSTAND THE FOREGOING STATEMENTS AND SWEAR THAT THEY ARE TRUE.**

_____
DEFENDANT

Sworn to and subscribed to before me on this date: April 26, 2012

PATRICIA HENDERSON
DISTRICT CLERK

BY: _____
Deputy District Clerk
Taylor County, Texas

We join in and approve the waivers and stipulations made above by this Defendant under Arts. 1:13, 1:14, 1:15 and 42.12(9)(j), C.C.P. We also agree that the Defendant is fully competent to stand trial and that all statements of the Defendant were freely and voluntarily made and that the Defendant's plea was freely and voluntarily entered. By the prosecutor's signature affixed below, the State of Texas formally waives a trial by jury.

_____
JUDGE PRESIDING

_____
COUNSEL FOR DEFENDANT

_____
PROSECUTOR

**CAUSE NO. 18068-B**

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE 104th District Court |
| VS. | ) | OF |
| JODY LEE KIRKLIN | ) | TAYLOR COUNTY, TEXAS |

**TRIAL COURT'S CERTIFICATION OF
DEFENDANT'S RIGHT OF APPEAL**

I, Judge of the trial court, certify this criminal case:

_____ is not a plea-bargain case, and the defendant has the right of appeal.[or]

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

_____ is a plea-bargain-case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

___✓___ is a plea-bargain case, and the defendant has NO right of appeal.[or]

___✓___ the defendant has waived the right of appeal.

_____          4-26-12
Judge                                         Date signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. Tex.R.App.P.68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____          _____
Defendant (if not represented by counsel)          Defendant's Counsel

Mailing Address: 3750  C.R.          State Bar of Texas Identification
3 4 8  EARLy  tx 76802          Number  1933 1800
                                         Mailing Address: 202 W Beauregard
                                         SAN Angelo Tx 76903
Telephone number: (325) 642-7572          Telephone number: 325-658-6816

FAX No. (if any)_____          FAX No. (if any): 325-658-611 &

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case – that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2)

morse-644



CASE No. 18068B     COUNT SINGLE
INCIDENT No./TRN: 918815436X-A00

**FILED**
2012 MAY 17 AM 9 09
PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY, TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE 104TH DISTRICT |
| v. | § § § | COURT |
| JODY LEE KIRKLIN | § § | TAYLOR COUNTY, TEXAS |
| STATE ID No.: TX08686402 | § § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. LEE HAMILTON | Date Judgment Entered: | 4/26/2012 |
|---|---|---|---|
| Attorney for State: | JAMES EIDSON | Attorney for Defendant: | RANDAL STOUT |

| Offense for which Defendant Convicted: |
|---|
| **ONLINE SOLICITATION OF A MINOR** |

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **33.021(b)(c) Penal Code** |

| Date of Offense: |
|---|
| **9/23/2010** |

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2ND DEGREE FELONY** | **GUILTY** | **N/A** |

| Terms of Plea Bargain: |
|---|
| **TEN YEARS TDCJ-ID** |

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | **4/26/2012** | Date Sentence to Commence: | **4/26/2012** |
|---|---|---|---|

| Punishment and Place of Confinement: | **TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **N/A.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: | |
|---|---|---|---|---|
| $ -0- | $ 309.00 | $ -0- | ☐ VICTIM (see below) | ☐ AGENCY/AGENT (see below) |

| Sex Offender Registration Requirements apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62 |
|---|
| The age of the victim at the time of the offense was **N/A** . |

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From 9/23/2010 to 12/28/2010    From    to    From    to |
| | From    to    From    to    From    to    **TOTAL: 97 DAYS CREDIT** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

    This cause was called for trial in **Taylor** County, Texas. The State appeared by her District Attorney.

    **Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

MCRSO-805

18068B            Page 1 of 2

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Taylor County Collections, 400 Oak Street, Abilene, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of **Taylor** County, Texas on the date the sentence is to commence. Defendant shall be confined in the Taylor County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Taylor County Collections, 400 Oak Street, Abilene, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the **Taylor** County **District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

The Court ORDERS Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further ORDERS Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant. TEX. CODE CRIM. PROC. art. 42.016.

Signed and entered on _____ *14* day of ____ *May* ____, *2012*

X _____

JUDGE PRESIDING
TAYLOR COUNTY, TEXAS

Cause No: *18068-B*     Date: *04/26/2012*

Court: *104th DC*     of Taylor County, Texas

X _____
Signature of Defendant

_____
Bailiff/Person Taking Prints

Defendant's Right Thumbprint

18068B

14

Case No. 18068B(1)

(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME:** Jody Lee Kirklin

**DATE OF BIRTH:** 12-12-1976

**PLACE OF CONFINEMENT:** Texas Board of Pardons and Parole – Abilene Office

**TDCJ-CID NUMBER:** 01786182                              **SID NUMBER:**

(1)     This application concerns (check all that apply):

      **X**   a conviction          \_    parole

      **X**   a sentence            \_    mandatory supervision

      \_   time credit           \_    out-of-time appeal or petition for
                                          discretionary review

(2)     **What district court entered the judgment of the conviction you want relief from?**
      (Include the court number and county.)

      104th District Court of Taylor County, Texas

(3)     **What was the case number in the trial court?**

      18068-B

(4)     **What was the name of the trial judge?**

      Hon. Lee Hamilton

Effective: January 1, 2014                    1

(5) **Were you represented by counsel? If yes, provide the attorney's name:**

Yes. Randol Stout

(6) **What was the date that the judgment was entered?**

4-26-2012

(7) **For what offense were you convicted and what was the sentence?**

Online Solicitation of a Minor, Penal Code §32.021(c).   Ten (10) years' TDC.

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

(9) **What was the plea you entered? (Check one.)**

     __ guilty-open plea     **X**   guilty-plea bargain
     __ not guilty           __ *nolo contendere*/no contest

**If you entered different pleas to counts in a multi-count indictment, please explain:**

(10) **What kind of trial did you have?**

     __ no jury             __ jury for guilt and punishment
                       __ jury for guilt, judge for punishment

(11)  Did you testify at trial?   If yes, at what phase of the trial did you testify?

No. There was a plea bargain instead of trial.

(12)  Did you appeal from the judgment of conviction?

___  yes                                X  no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?  _____

(B)  What was the case number?  _____

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____

(D)  What was the decision and the date of the decision?  _____

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

___  yes                                X  no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?  _____

(B)  What was the decision and the date of the decision?  _____

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

___  yes                                X  no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number? _____

3

(B)  What was the decision and the date of the decision?  _____

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

___  yes                          $\underline{X}$  no

If you answered yes, please provide the name of the court and the case number:

_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

___  yes                          ___  no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?  _____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

18

_____

_____

_____

_____

_____

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are
being unlawfully restrained, and then briefly summarize the facts supporting each
ground. You must present each ground on the form application and a brief summary
of the facts.  *If your grounds and brief summary of the facts have not been presented on
the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you may
copy as many times as needed to give you a separate page for each ground, with each
ground numbered in sequence.  The recitation of the facts supporting each ground
must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal
authorities, but the Court will *not* consider grounds for relief set out in a
memorandum of law that were not raised on the form.  The citations and argument
must be in a memorandum that complies with Texas Rule of Appellate Procedure 73
and does not exceed 15,000 words if computer-generated or 50 pages if not.  If you
are challenging the validity of your conviction, please include a summary of the facts
pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

Mr. Kirklin's guilty plea was unknowing and involuntary because his attorney gave him false

information about the range of punishment he would be facing at trial.

**FACTS SUPPORTING GROUND ONE:**

Mr. Kirklin was indicted for Online Solicitation of a Minor, under Section 32.021(c) of the Texas

Penal Code, which is a second degree felony carrying a range of punishment of 2 to 20 years'

incarceration. Mr. Kirklin does not have prior felony convictions, so he was also eligible to

receive probation, either from a jury or the judge. However, upon advising Mr. Kirklin to take a

plea agreement for 10 years' incarceration, Mr. Stout wrongfully informed Mr. Kirklin that he

would face between 25 and 99 years' incarceration should he be convicted following a jury trial.

Mr. Stout wrongfully advised Mr. Kirklin that he could be "enhanced," despite the fact that Mr.

Kirklin has no prior convictions with which to enhance the range of punishment. As a result, Mr.

Kirklin accepted a plea for 10 years' incarceration, because he believed Mr. Stout's false

representations. Had he been properly advised, Mr. Kirklin would have opted to pursue his right

to a jury trial.

**GROUND TWO:**

Mr. Kirklin received ineffective assistance of counsel when Mr. Stout falsely informed him that

the possible range of punishment was 25 to 99 years, and that the charge could be enhanced.

**FACTS SUPPORTING GROUND TWO:**

The facts supporting Ground Two are identical to the facts supporting Ground One above.

8

22

**GROUND THREE:**

Mr. Kirklin received ineffective assistance of counsel when Mr. Stout failed to properly and adequately investigate Mr. Kirklin's case.

**FACTS SUPPORTING GROUND THREE:**

Mr. Stout never conducted an independent investigation into the allegations against Mr. Kirklin and never properly researched or investigated possible defenses.   Mr. Stout never spoke with Mr. Kirklin about the details of his case.   When Mr. Kirklin asked for his trial file to be returned, it contained only the police report -- no notes, legal research or investigative research into the case had been performed.   Mr. Kirklin has consistently claimed his innocence of the charge, because he believed he was meeting a woman for a sexual encounter who, from a photo she sent, appeared to be in her thirties.   Also, the "victim" was a police officer rather than an actual 13-year-old girl.

Mr. Stout never investigated or discovered the valid statutory defenses that may have been available to Mr. Kirklin, given these circumstances.   If he had, and had provided Mr. Kirklin adequate counsel, Mr. Kirklin would not have accepted the 10-year plea bargain but would have opted to pursue his right to a jury trial.

10

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF Harris

Heather M. Lytle , being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_Heather M. Lytle_
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS 12 DAY OF June 20 15.

Sheila Day
Notary Public
State of Texas
My Comm. Exp. 9/28/15

_Sheila Day_
Signature of Notary Public

16

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address:   _____

                _____

                _____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and being presently incarcerated in _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

                              Signed on _____, 20_____.

                              _____

                              Signature of Applicant / Petitioner (circle one)

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

  **Click-N-Ship®**

 usps.com
**$7.68**
**US POSTAGE**
Signature
Confirmation

9410 8036 9930 0068 7871 50 0076 8001 0037 9602

**Commercial Base Pricing**

06/12/15  1 lb 0 oz   Mailed from 77034   062S0000000101

## PRIORITY MAIL 3-DAY™

HEATHER M LYTLE          Expected Delivery Date: 06/16/15
202 TRAVIS ST STE 300
HOUSTON TX 77002-1726                    **0006**

SIGNATURE REQUIRED                    **C018**

SHIP  PATRICIA HENDERSON
TO:  TAYLOR COUNTY DISTRICT CLERK
     300 OAK ST
     STE 400
     ABILENE TX 79602-1534

### USPS SIGNATURE TRACKING #



**9410 8036 9930 0068 7871 50**

Electronic Rate Approved #038555749

33

CAUSE NO. 18068-B

*FILED*

2015 JUL -8 AM 8: 40

PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY, TEXAS

| | | |
|---|---|---|
| IN RE | § | IN THE 104TH DISTRICT COURT |
| JODY LEE KIRKLIN | § | OF |
| APPLICANT | § | TAYLOR COUNTY, TEXAS |

## ORDER DECLINING TO ENTER FINDINGS OF FACT

On the _____ 6 _____ day of July, 2015, the trial court reviewed applicant's post-conviction Application for Writ of Habeas Corpus filed herein on July 16, 2015.

After careful consideration, the trial court declines to enter findings herein.

After the State files a response to the application or after the time for the State to respond has expired, the District Clerk is ORDERED to prepare a clerk's transcript herein and send it to the Texas Court of Criminal Appeals, in the manner prescribed by law.

Signed the 6 day of July , 2015.

_____
Lee Hamilton
Judge Presiding

# CRIMINAL DOCKET SHEET

**File Date: April 14, 2011**                    Case No. 18068-B

| Style of Case | Attorneys |
|---|---|

STATE OF TEXAS                                      JAMES EIDSON
VS
JODY LEE KIRKLIN                          ~~MALGOLM SCHULZ~~ (A) 9/28/10
                                          Randal Stout (B) 5/31/11
### Offense: ONLINE SOLICITATION OF A MINOR

| Date | Orders of the Court | Index | Notes |
|---|---|---|---|
| 5/2/11 | Written waiver of Arrmt by attys | | CSRP 12/28/10 |
| 5/17/11 | Jury trial set 7/25/11 | | 274.00 |
| 5/31/11 | M/Substitution of counsel granted | | 25.00 |
| 6/29/11 | Trial reset 9/26/11 | | 10.00 |
| 9/19/11 | Trial reset 12/19/11 | | 309.00 |
| 11/23/11 | Trial reset 2/13/12 | | |
| 1/18/12 | Plea set 3/23/12 at 1:30 | | |
| 3/15/12 | Plea set 4/27/12 at 1:30 | | |
| 4-26-12 | Defendant plead guilty, attorney present, waived jury, stipulated evidence, was legally admonished, is mentally competent, and plea freely, voluntarily given. Plea bargain followed. Defendant found guilty, punishment assessed at: _____ years in state penitentiary and fine of $ _____ _____(years)(months)(days) county jail and fine of $ _____ Defendant placed on probation for ___10___ (years)(months)(days). Fine, if any, payable at _____ | | |
| 4-26-12 | In accordance with the Judgment, Defendant, attorney present, was legally sentenced as follows: To serve _____ years in State Penitentiary and pay fine of $ To serve ___10___ (years)(months)(days) county jail and pay fine of $ _____ Defendant Ordered to custody of Sheriff, Taylor County, Texas, to serve county jail sentence, if any, or to be delivered to the Institutional Division, Texas Department of Criminal Justice, to serve any penitentiary sentence herein. Costs of court assessed, credit for backtime in full allowed. | | |
| | Admonished Def. that he will need to register as a sex offender. | | MCR83-808 |

whc cert

# CLERK'S CERTIFICATE

**THE STATE OF TEXAS**

**COUNTY OF TAYLOR**

I, Patricia Henderson, District Clerk in and for Taylor County, Texas, do hereby certify that the above and foregoing are true and correct copies of all the proceedings had in **Cause Number 18068-B** as the same appear from the originals now on file and of record in office.

Given under my hand and seal of office at Abilene, Texas, on this the 16th day of July, 2015

Patricia Henderson, District Clerk
Taylor County, Texas

By: *Tammy Barber*

Tammy Barber, Deputy

# EXHIBIT H



**CASE NO. 18068B**        COUNT SINGLE

INCIDENT NO./TRN: 918815436X-A001

*FILED*
*2012 MAY 17 AM 9 09*
*PATRICIA HENDERSON*
*DISTRICT CLERK*
*TAYLOR COUNTY, TEXAS*
*_____ DEPUTY*

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE 350TH DISTRICT |
| v. | § § | COURT |
| JODY LEE KIRKLIN | § § | |
| STATE ID NO.: TX08686402 | § § | TAYLOR COUNTY, TEXAS |

---

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. **LEE HAMILTON** | Date Judgment Entered: | **4/26/2012** |
|---|---|---|---|
| Attorney for State: | **JAMES EIDSON** | Attorney for Defendant: | **RANDAL STOUT** |

Offense for which Defendant Convicted:
**ONLINE SOLICITATION OF A MINOR**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **33.021(b)(c) Penal Code** |
|---|---|

Date of Offense:
**9/23/2010**

| Degree of Offense: **2ND DEGREE FELONY** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:
**TEN YEARS TDCJ-ID**

| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
|---|---|
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

| Date Sentence Imposed: **4/26/2012** | Date Sentence to Commence: **4/26/2012** |
|---|---|

Punishment and Place of Confinement: **TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ**

THIS SENTENCE SHALL RUN **N/A.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: $ -0- | Court Costs: $ 309.00 | Restitution: $ -0- | Restitution Payable to: ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| Time Credited: | From **9/23/2010** to **12/28/2010**     From   to     From   to |
| | From   to     From   to     From   to     **TOTAL: 97 DAYS CREDIT** |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**   NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Taylor** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

*MCR82-805*

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options  (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Taylor County Collections, 400 Oak Street, Abilene, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of **Taylor** County, Texas on the date the sentence is to commence. Defendant shall be confined in the Taylor County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Taylor County Collections, 400 Oak Street, Abilene, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the **Taylor** County **District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence  (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

The Court ORDERS Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further ORDERS Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant. TEX. CODE CRIM. PROC. art. 42.016.

Signed and entered on _____ *14* day of ____ *May* ____, *2012*

X _____

JUDGE PRESIDING
TAYLOR COUNTY, TEXAS

Cause No: *18068-B*    Date: *04/26/2012*

Court: *104th DC* of Taylor County, Texas

X _____
Signature of Defendant

_____
Bailiff/Person Taking Prints

18068B

Defendant's Right
Thumbprint

14