IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JODY LEE KIRKLIN,                              )
                                               )
                    Petitioner,                )
                                               )
V.                                             )          CIVIL ACTION NO.
                                               )          1:17-CV-069-C
LORIE DAVIS, Director,                         )
Texas Department of Criminal Justice,          )
Correctional Institutions Division,            )
                                               )
                    Respondent.                )

**ORDER**

Petitioner Jody Lee Kirklin, with assistance of counsel, filed a Petition for Writ of Habeas

Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on May 17, 2017.  Respondent

filed an Answer with Brief in Support and copies of Petitioner's relevant state records on June 16,

2017.  Petitioner did not file a reply.

Respondent has lawful custody of Petitioner pursuant to a judgment and sentence of the

104th District Court of Taylor County, Texas, in cause number 18068B, styled *The State of Texas v.*

*Jody Lee Kirklin.*  In that cause number, Petitioner pleaded guilty to the felony offense of online

solicitation of a minor under the age of fourteen, and on April 26, 2012, was found guilty and

sentenced to ten (10) years' imprisonment in the Texas Department of Criminal Justice, Correctional

Institutions Division.

Petitioner did not appeal his conviction, or file a petition for discretionary review (PDR).  On

June 16, 2015, Petitioner filed a state application for writ of habeas corpus challenging his

conviction.  The Texas Court of Criminal Appeals denied the petition without written order on

August 19, 2015.  Petitioner filed a Suggestion for Reconsideration on September 4, 2015, and it was

denied on September 10, 2015.  Petitioner filed a 2nd Suggestion for Reconsideration on April 19,

2016, and it was denied on May 18, 2016.

The Court understands Petitioner to raise the following grounds for review in his federal

petition:

(1)     Petitioner's guilty plea was unknowing and involuntary because his attorney gave

him false information about the range of punishment he would be facing at trial;

(2)     He received ineffective assistance of counsel when trial counsel falsely informed him

that the possible range of punishment was 25 to 99 years, and that the charge could be enhanced;

(3)     He received ineffective assistance of counsel when trial counsel failed to properly

and adequately investigate Petitioner's case; and

(4)     The statute on which the conviction is based, Section 33.021 of the Texas Penal

Code, is unconstitutional.

Respondent argues that Petitioner's petition is barred by the applicable statute of limitations

in 28 U.S.C. § 2244(d) and, alternatively, his challenge to the constitutionality of section 33.021 of

the Texas Penal Code is defaulted, and the remainder of his claims are meritless.

Petitioner is deemed to have filed his federal petition on May 17, 2017.  His petition is

therefore subject to review under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), which was signed into law on April 24, 1996.

The Court has carefully examined Petitioner's pleadings and Respondent's Answer with

Brief in Support, and finds that Petitioner has failed to file his federal petition for writ of habeas

corpus within the applicable one-year limitation period.  Although the Supreme Court of the United

States has determined that AEDPA's statute of limitations is subject to equitable tolling in an

appropriate case, Petitioner has not argued sufficiently or demonstrated that he is entitled to

equitable tolling. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,*

544 U.S. 408, 418 (2005)) (holding that an appropriate case for equitable tolling exists if the

petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing."). "The petitioner bears the burden of

proof concerning equitable tolling . . . ." *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002).

*See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the burden of proving facts

to support a claim of equitable tolling lies with the party seeking equitable tolling).

Based upon the foregoing, and the facts and law set forth in Respondent's Answer with Brief

in Support, the Court finds:

1.     The instant Petition for Writ of Habeas Corpus should be DENIED and dismissed

with prejudice as barred by the statute of limitations.

2.     All relief not expressly granted is denied and any pending motions are denied.

3.     Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. §

2253(c), this Court finds that a certificate of appealability should be denied.  For the reasons set forth

herein and in Respondent's Original Answer, Petitioner has failed to show that reasonable jurists

would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it

debatable whether the petition states a valid claim of the denial of a constitutional right" and

"debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.

473, 484 (2000).

SO ORDERED.

Dated March 2, 2018.

SAM R. CUMMINGS
Senior United States District Judge